CHIPMAN    Att$^y$ for the United States

Fil$^d$ in open Court Oct. 10. 1826

*United States vs J. V. R. Ten Eyck*
Fil$^d$ in open Court October 14. 1826

United States vs⎱ Attachment for contempt September Term A. D. 1826
J V. R. Ten Eyck⎰

And now the said J V R Ten Eyck here into Court comes, and to the Several interrogatories filed by Henry Chipman Esqr the prossecutor in this case against him upon oath answering, Says,

1st answer.

Jonathan Kearsley did on the very day of his departure from Detroit send to my office certain Books, of record, Journals, files, papers & Seal of the Supreme Court of the Territory of Michigan, for safe keeping until his return, and requested me to represent him as Clerk, of said Court and likewise in Said Court when sitting as a Circuit and District Court of the United States by virtue of a Commission appointing me his Deputy dated A. D. 1822— which said Commission had never been revoked by said Jonathan Kearsley— on motion of the Attorney General and by order of the said Court said Books of Record, Journals, files papers and Seal in my possession were immediately delivered up by me in Court.—

2d answer.

The before Mentioned books of record, Journals, files, papers and seal of said Supreme Court delivered up by me on motion and order set forth in the first interrogatory were sent to my office as stated in said first interrogatory and for the express purpose of performing the duties of Deputy Clerk during the absence of said Jonathan Kearsley and for no other purpose.

3d Answer.

I did attend the said Courts on the two first days of their sitting, on the first day for the sole purpose of performing the duties of Clerk of the said Court, as deputy legally Constituted by the Clerk of the said Court, but was very soon told by the Court (no argument being heard within my knowledge) both before and after my authority to act as such was shewn to the Court that I should not be recognized as such, and that the Court had come to a determination that Jonathan Kearsley had no right to appoint a Deputy, but heard no argument on the subject of the said Jonathan Kearsley's right to appoint a deputy.

4th Answer

I did not apply to the Court for any of the purposes mentioned in this interrogatory.

5th Answer.

I did hear the Court say that it would appoint a Clerk, but nothing about the custody of the said Books of Record &c    I did not deliver or offer to deliver, or keep myself in readiness to deliver and surrender the same to any person whatsoever. I did not Consider myself obliged to attend Court after the first day of the Term, when the Court declared I could not be recognized as Clerk, but conscientiously believed that as I was dismissed, and as I was under an obligation to redeliver the said Books &c to Jonathan Kearsley, that I was bound to deliver them to him only.

6th Answer.

I did carry on the two first days of the Term, to the place of holding the Court some of the Books of record and Journals, viz, two Journals of minutes and two record Journals, but no files or papers, and did also take and Carry the same away as I then thought I had a right to do.

7th Answer.

I did not secrete myself at any time, or any where, but went as I believed I had a right to do to Canada on the morning of the 25th of September last, between the hours of Ten and Twelve oClock from whence I returned in the evening    I did not give out that I was going to Canada & Black River    I did not go to the latter place, but went to Grass Isle next morning the 26th Inst on a Shooting excursion, where I remained until the day preceeding my arrest, and returned therefrom upon the receipt of a Letter from a friend, enclosing the order hereto annexed, with a view to answer to it in such manner as I should be advised by Counsel to do.

8th Answer.

I did not know, nor was I informed before I went to Gross Isle that John Winder was appointed Clerk nor that the Court ordered, or were about to make an order for the delivery of the said Books to John Winder.

9th Answer.

I never knew of any decision of the Court until my return from Gross Isle, some of the Books and papers were left in my dwelling House, some in a room adjoining to my office   the Seal and Screw were left in my office.

10th Answer.

I never was informed of any decission of the said Court, until the day preceding my arrest, unless the order hereto annexed may be considered a decision, which I received as stated in my answer to the seventh interrogatory, I do not remember having used the expressions and language, mentioned in this interrogatory. I may have said many indiscreet things while laboring under the irritation produced by the dismission and I disclaim ever intending a contempt of the said Court. I did believe and in this I was supported by the general sentiment of the people, that I was the rightful Clerk of the Court, that the Court had neither the power of appointment nor removal, that I knew this to be the opinion of the Executive, not only from Common report, but to the best of my recollection I heard one of the Judges declare from the bench, this to be the opinion of Governor Cass— From these Concuring sentiments from the Executive & people, I most religiously believed myself to be the rightful Clerk and as such was entitled to the possession of the papers of the Court & as the Court would not receive me as such, that I was bound to retain the said Books according to my before mentioned obligation Until I could deliver them to Jonathan Kearsley. As to advice I received none, but such as the general sentiment herein before mentioned imported.

11th Answer.—I never heard or was informed of or saw the summons issued on the 26th of September, until I saw it in the hands of my Counsel in Court, the day I was Copying the Interrogatories therein, I never saw any other paper but the annexed order, and that at the time and in the manner before mentioned.

Territory of Michigan⎫
  Wayne County    ⎬   To wit
                  ⎭

Personally appeared before me the undersigned one of the Justices of the peace in and for the County of Wayne J V R Ten Eyck who being duly sworn deposeth and sayeth that the within and foregoing answers to interrogatories filed in court are true to the best of his knowledge & belief

Given under my hand at Detroit this 14th day of Oct<sup>r</sup> A.D. 1826

JOHN A RUCKER
Justice of the Peace

*[Attached to the foregoing]*

Territory of Michigan
  Supreme Court   Ss:

It is ordered by the Court that Jonathan Kearsley Esq<sup>r</sup> late Clerk of this Court or the person in whose possession they be, do immediately deliver to John Winder the present Clerk of this Court, all the Books records files and other papers appertaining to said office, including the seal of the Court— And that the said John Winder Clerk as aforesaid, do Execute to the said Jonathan Kearsley a receipt for the same—

(Signed)   J Witherell presiding Judge
          Sol Sibley Judge

I certify the above to be a true Copy of the original order made by the Court
    Detroit September 28. 1826—                              JOHN WINDER
                                                                    Clerk

[Indorsement]   To   Jeremiah V. R. Ten Eyck   Esq<sup>r</sup>   Detroit